The HALLIE JACKSON. See Case No. 6,451.

## Case No. 5,962.

### HALLIHAN v. WASHINGTON.

[4 Cranch, C. C. 304.] [1]

Circuit Court, District of Columbia. March Term, 1833.

ACTIONS — ASSUMPSIT LIES FOR WORK DONE UNDER SEALED INSTRUMENT—OBLIGATION TO TAKE STOCK.

The plaintiff who has completed the work according to his sealed contract, may, in assumpsit recover the balance due to him, although he had covenanted to receive corporation stock in payment, and had not demanded payment in stock, before bringing his action.

The plaintiff's cause of action was for work and labor done under a contract made by a commissioner, (duly authorized to contract,) under the private seal of the commissioner, but in the name of the corporation [of Washington]; by which the plaintiff bound himself to do certain work at certain prices, and to receive payment in the stock of the corporation; but it contained no obligation on the part of the corporation to pay in stock. The declaration had only the common money counts in assumpsit.

R. S. Coxe, for defendants, objected to the contract being given in evidence; contending that the declaration should have been in covenant, on the sealed contract.

Mr. Key and Mr. Bradley, contra.

THE COURT (nem. con., but THRUSTON, Circuit Judge, doubting) admitted the evidence and told the jury, that if they should be satisfied by the evidence that the plaintiff had performed the contract on his part, he had a right to recover in this action for the balance due to him, although there was no evidence of a demand or tender of stock.

HALLOCK (PARKER v.). See Cases Nos. 10,734 and 10,735.

HALLOCK, The JULIA M. See Case No. 7,579.

HALLORAN (UNITED STATES v.). See Case No. 15,286.

HALLOWELL (SEIDENBACH v.). See Case No. 12,635.

HALLOWELL & AUGUSTA BANK (BELLOWS v.). See Case No. 1,279.

HALL'S DEPOSITION. See Case No. 5,924.